# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| | ) | |
| KEITH ALLEN PIKE | ) | Case No. 17-40736 |
| | ) | |
| Debtor. | ) | |

## OPINION

In this case, the Court must examine the effect of a Debtor's Chapter 7 discharge on pre-petition claims when the case is subsequently converted to a proceeding under Chapter 13.

## FACTS

The facts of this case are not in dispute. On August 18, 2017, Debtor Keith Allen Pike (Debtor), filed a petition under Chapter 7. Synergy Bank, predecessor in interest to creditor Crown Asset Management, was listed as an unsecured creditor on Debtor's Schedule E/F.[1] On December 4, 2017, the Debtor received a Chapter 7 discharge. Shortly thereafter, on December 28, 2017, the Debtor filed an amended Schedule A/B to list a previously undisclosed interest in a Bankers Life and Casualty annuity. The Debtor listed the value of the annuity as "unknown." He also filed a corresponding amended Schedule C on January 2, 2018 to claim a $1,968.00 exemption in the annuity pursuant to 735 ILCS 5/12-1001(b).

On February 6, 2018, the Chapter 7 Trustee ("Trustee") filed a motion indicating that she had discovered unencumbered assets (*i.e.* the annuity) for the benefit of the estate. In response to this motion, the Clerk of Court issued a notice establishing May 8, 2018 as the deadline by which creditors were to file their proofs of claims. Although several creditors filed claims in the Chapter 7, Crown Asset Management LLC ("Creditor") did not.

---

[1] *See* Debtor's Schedule E/F Doc. 1, p. 5, ¶¶ 4.11, 4.13 and 4.15.

Meanwhile, on February 1, 2018, the Trustee sent a letter to Debtor's counsel requesting that she be provided documentation evidencing the value of the annuity as well as the contact information for the insurance agent/provider. *See Motion to Compel Debtor to Turnover Documentation to Trustee*, ECF Doc. 33, Exhibit A. The information was not timely provided, and, consequently, on May 7, 2018, the Trustee was required to file a motion to compel turnover of the requisite documents. However, the Debtor eventually provided the requested information and the Motion to Compel was withdrawn on June 11, 2018.

On April 8, 2019, the Trustee filed a second Motion to Compel, this time seeking to compel the Debtor to turnover the non-exempt equity in the annuity for the benefit of the estate. This motion was necessitated by Debtor's failure to comply with a demand letter dated March 22, 2019 in which the Trustee requested that the Debtor turnover the sum of $4,500.00 in lieu of liquidating the annuity. *Trustee's Motion to Compel Turnover of Property*, ECF Doc. 43, Exhibit A.[2] Rather than turnover the asset to the Trustee, on April 24, 2019, the Debtor moved to convert his case to a proceeding under Chapter 13. Although the Trustee initially objected to conversion, the matter was ultimately resolved[3] and, on May 31, 2019, the Debtor's case was converted to Chapter 13. No monies were collected or paid on account of the estate while the case was in Chapter 7. *See Trustee's Report of No Distribution*, ECF Doc. 61.

After the case was converted, the Court issued a Notice of Chapter 13 Bankruptcy Case pursuant to Federal Rule of Bankruptcy Procedure 2002(f)(3) which, *inter alia*, established

---

[2] According to the March 22, 2019 correspondence, the Debtor purchased the annuity on April 9, 2014 for $36,802.11. It provided for monthly payments to the Debtor of $140.40 per month for 300 months. The Trustee requested that the Debtor turnover $4,500.00, which represented an amount sufficient to pay the allowable unsecured claims of $3,360.55 as well the administrative claims in the case.

[3] Pursuant to an agreed order entered May 30, 2019, the parties stipulated that if the Debtor's Chapter 13 case was ever subject to dismissal for any reason, the case would be reconverted to Chapter 7 rather than dismissed. In addition, the order required the Debtor to pay an amount sufficient into his Chapter 13 plan to pay the Chapter 7 Trustee an administrative claim of $840.00 and unsecured creditors a total of $3,360.00.

August 9, 2019 as the claims bar date for non-governmental entities.[4]  On June 17, 2019, Quantum3 Group LLC, as agent for the Creditor, filed three unsecured claims:  Claim 6-1 in the amount of $823.51; Claim 7-1 in the amount of $729.73; and Claim 8-1 in the amount of $502.59 (collectively the "Claims").

On January 17, 2020, the Debtor filed objections to the Claims.  In each objection, the Debtor asserts that because the Creditor failed to file proofs of claims while the case was in Chapter 7, the Debtor's obligations to the Creditor were eliminated by the December 4, 2017 discharge order.  The Creditor filed responses disputing Debtor's assertions and after the submission of briefs, the matter was taken under advisement.

## **DISCUSSION**

Pursuant to § 706(a) of the Bankruptcy Code, a debtor may convert their case from Chapter 7 to a proceeding under Chapter 11, 12 or 13 at any time, so long as the case has not been previously converted.[5]  While the Code is clear as to the debtor's right to convert generally, it offers little guidance as to what happens if the debtor seeks to convert their case after receiving a Chapter 7 discharge.

Section 524(a)(2) of the Bankruptcy Code provides, in pertinent part, that an order discharging the debtor from their debts "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2).  A discharge does not extinguish the debt itself, but, rather, only releases the debtor from personal liability for said

---

[4] Federal Rule of Bankruptcy Procedure 2002(f) requires the Clerk of Court or such other person as the Court may direct to provide the debtor and all creditors notice by mail of the time in which to file proofs of claims pursuant to Federal Bankruptcy Rule 3002.  At the time that this case was converted, Rule 3002(c) provided that proofs of claims were timely filed if filed "not later than 70 days after the order for relief. . .or the date of conversion to a case under chapter 12 or 13."
[5] Section 706(a) states, in pertinent part: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 . . . ."

3

debt. *Matter of Edgeworth,* 993 F.2d 51, 53 (5th Cir. 1993). *See also Matter of Paeplow*, 972 F.2d 730, 735 (7th Cir. 1992); *In re Giles*, 502 B.R. 892, 904 (Bankr. N.D. Ga. 2013). The obligation still exists and can be collected from any other entity that might be liable. 11 U.S.C. § 524(e). *Edgeworth* at 53.

The fact that a discharge voids only *in personum* liability has important implications if a debtor's Chapter 7 case is subsequently converted to another chapter. This is because while a discharge eliminates a debtor's personal liability for a debt, it does not extinguish the liability of the bankruptcy *estate*. This concept was discussed in extensive detail in *In re Mosby,* 244 B.R. 79 (Bankr, E.D. Va. 2000). In that case, the debtors sought to convert their case to Chapter 13 after previously receiving a Chapter 7 discharge. The Trustee objected, arguing, among other things, that because the debtors' debts had been discharged in the Chapter 7, there were no longer any debts to be paid through the Chapter 13 plan. In rejecting this argument, the *Mosby* court opined:

> [T]he argument that once a discharge has been issued there are no debts for a plan to pay cannot be supported by a close reading of the Bankruptcy Code. The effect of a discharge is to prohibit collection of the discharged debt 'as a personal liability of the debtor.' § 524(a), Bankruptcy Code. It does not affect the liability of any other person or entity for the debt. § 524, Bankruptcy Code. *In particular, nothing in the Code suggests that a discharge eliminates the creditor's claim against the bankruptcy estate. . . .* The bankruptcy estate comes into existence upon 'the commencement of [the] case.' § 541(a), Bankruptcy Code. Claims against the estate, if objected to, are determined 'as of the filing of the [bankruptcy] petition.' § 502(b), Bankruptcy Code. Even in a chapter 7 case that has never been converted, the sequence of events is such that the debtor generally receives his or her discharge prior to the trustee making distributions to creditors. It has never been seriously argued, however, that creditors whose debts are discharged in the course of an unconverted chapter 7 case thereby suddenly lose the right to receive their pro rata share of distributions. The analysis is not altered simply because the case is converted. The conversion of a case does not change the date of the commencement of the case or the date of the filing of the petition. § 348(a), Bankruptcy Code. *Thus, creditors with valid claims against the bankruptcy estate on the date the bankruptcy petition is filed do not lose them simply because the debtor is granted a discharge or the case is converted to*

4

*another chapter.*

*Id.* at 87 (emphasis added). *See also In re Carvalho*, 2018 WL 4737215 at *3 (Bankr. D.D.C., Sept. 28, 2018); *In re Carrow*, 315 B.R. 8, 21 (Bankr. N.D.N.Y. 2004).

The Court acknowledges that there is a line of cases which have held or at least assumed that upon conversion after a discharge, any dischargeable debts scheduled in the Chapter 7 case are effectively eliminated and not entitled to distributions under the Chapter 13 plan. *See In re Marcakis*, 254 B.R. 77 (Bankr. E.D.N.Y. 2000) (permitting conversion after discharge is "ludicrous" as no debs remain to be paid); *In re Lesniak*, 208 B.R. 902, 905 (Bankr. N.D. Ill. 1997) ("In order to have debts to repay, debs must exist. If a discharge order is entered. . . a logical assumption is that debts no longer exist for the debtor to repay."); *In re Jones*, 111 B.R. 674, 680 (Bankr. E.D. Tenn. 1990) ("Once the Chapter 7 discharge has been granted, the debtor's personal liability is extinguished, thus rendering conversion to Chapter 13 meaningless except as to those creditors holding nondischargeable claims."); *In re Sieg*, 120 B.R. 533 (Bankr. D.N.D. 1990) (prior Chapter 7 discharge left only nondischargeable student loan debts to be paid after conversion to Chapter 13). However, the Court believes that the position advocated by *Mosby* is the better approach.

First, the reasoning of *Mosby* comports with the express language of the Bankruptcy Code and reconciles a debtor's right to convert under § 706(a) with the discharge provisions of § 524(a). The bulk of authority regarding post-discharge conversion does not directly address the treatment of claims. Instead, the cases involve the issue of whether a debtor is even entitled to convert their case after receiving a Chapter 7 discharge and any discussions regarding claims are primarily dicta.[6] The courts which have taken the position posited by the Debtor have uniformly

---

[6] The issue of whether a debtor has an absolute right to convert their case is not before the Court and, therefore, need not be addressed.

held that conversion is impermissible after discharge as no meaningful debts would remain to be paid. *In re Marcakis*, 254 B.R. at 82-83; *In re Lesniak*, 208 B.R. 902 (Bankr. N.D. Ill. 1997); *In re Schwartz*, 178 B.R. 340, 345 (Bankr. E.D. N.Y. 1995); *In re Jeffrey*, 176 B.R. 4 (Bankr. D. Mass 1994). However, as noted by the court in *Carrow*, "[t]he problem with this line of authority with all due respect, is that the courts have reached a conclusion of law that is based more on citation to each other's decisions than on any critical analysis of the Code, the Rules, or existing case law." *Carrow*, 135 B.R. at 21. Not only is this approach not supported by a careful reading of §§706 and 524(a), but its strict application would absurdly preclude the Chapter 7 Trustee from paying any claims after the entry of the discharge.

Further, an interpretation of § 524(a) that "eliminates" a debt in its entirety upon discharge rather than construing it as an obligation of the bankruptcy estate could present an abuse of the bankruptcy process if the case is subsequently converted. A debtor who is permitted to extinguish his debts via discharge and then convert to Chapter 13 prior to liquidation of the Chapter 7 estate will have essentially received all of the benefits of Chapter 7 without any of the burdens. This is because the debtor would regain his non-exempt property upon conversion, but his obligations would no longer exist. *In re Rigales*, 290 B.R. 401, 407 (Bankr. D. N.M. 2003). An unscrupulous debtor could conceal assets in the Chapter 7 in order to avoid liquidation and then convert to Chapter 13 in order to retain the asset to the detriment of creditors. *In re Jeffrey*, 176 B.R. 4, 6 (Bankr. D. Mass. 1994) (debtor's purpose of converting to Chapter 13 after receiving a discharge was not to repay debts but, rather, to evade his Chapter 7 obligations). This type of situation is avoided if claims, while discharged as to the debtor personally, are deemed claims against the estate in the converted case.

Finally, the approach advocated by the Debtor is inconsistent with the right to convert

afforded by § 706(a). The legislative history of that subsection indicates that Congress was concerned that "the debtor should always be given the opportunity to repay his debts." H.R. Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 94 (1978). "It seems unlikely that Congress intended conversion as a technique for debtors to avoid both liquidation in the Chapter 7 case and the payment of prepetition debts in the Chapter 13 case. If claims discharged in the Chapter 7 case are disallowed in the Chapter 13 case after conversion, creditors would be both precluded from sharing in the Chapter 7 estate and disallowed to receive distributions in the Chapter 13 case. The courts are not likely to go there." Keith M. Lundin, LUNDIN ON CHAPTER 13, § 148.3, at ¶14, LundinOnChapter13 (last visited August 4, 2020).

Interestingly, in an attempt to distinguish both *Mosby* and the "discharge" line of cases from the case at bar, the Debtor appears to argue that *only* the claims of creditors that failed to file timely proofs of claim in the Chapter 7 case were extinguished in the post-discharge conversion. According to the Debtor "[t]here is a legal distinction between claims filed pre-conversion and those filed post conversion in this case." *Brief in Support of Debtor's Objection to Claim*, ECF Doc. 132 at p.2. He maintains that in the event that this case is ever reconverted to Chapter 7, "[t]he claims filed post conversion would arguably not be entitled to share in the proceeds of the bankruptcy estate as [those Creditors] failed to file a claim under the original claim period." Hence, according to the Debtor, it would be inequitable to permit creditors who failed to timely file claims in the Chapter 7 to share in the Chapter 13 distribution. *Id.*

Not surprisingly, the Debtor offers absolutely no authority to support this proposition. There is nothing in the Bankruptcy Code that provides that only claims that were timely filed in the Chapter 7 may receive distributions in a subsequent Chapter 13 proceeding. Further, under 11 U.S.C. § 726(a)(3), tardily filed unsecured claims in a Chapter 7 are not disallowed but are,

7

instead, subordinated to timely-filed claims. 11 U.S.C. § 726(a)(3). *See also In re Outbound Marine Corp.*, 386 F.3d 824, 829 (7th Cir. 2004). It appears that the Debtor is arbitrarily dictating which claims were "extinguished" by the Chapter 7 discharge and which should remain to be paid in the Chapter 13. This Court is bound by the requirements of the Bankruptcy Code and cannot take an approach that is not supported in law.

Applying the *Mosby* analysis to the instant case, the Debtor's bankruptcy estate came into existence on August 18, 2017 when the Chapter 7 petition was filed. It is undisputed that the pre-petition obligations owed to the Creditor were listed on the Debtor's Schedule E/F and were claims against the Debtor's Chapter 7 estate. Although the Debtor received a discharge as to any personal liability for these debts, upon conversion, these obligations became claims against the Debtor's Chapter 13 estate. Creditor timely filed its proofs of claims in the Chapter 13 and is, therefore, entitled to receive distributions from the estate despite the existence of the Chapter 7 discharge. Accordingly, the Court finds that the Debtor has raised no basis for disallowing these Claims and his objections to the Claims are OVERRULED.

SEE SEPARATE ORDER ENTERED THIS DATE.


ENTERED: August 7, 2020

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE